## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Michael Raiford,                  )

                               )

            Plaintiff,       )

                               )     Case No. 17 C 4183

     v.                  )

                               )     Hon. Mary M. Rowland

                               )

Kurt Budde,                  )

                               )

            Defendant.     )

## ORDER

The Court grants Defendant's motion for summary judgment [58], which is unopposed. Plaintiff's claim is dismissed without prejudice because Plaintiff failed to exhaust the jail's administrative grievance process before filing this lawsuit. Civil case terminated.

## STATEMENT

### I.    Background

Plaintiff Michael Raiford filed this lawsuit under 42 U.S.C. § 1983, alleging he was subjected to a demeaning strip search while at Will County Adult Detention Facility (WCADF). Defendant Kurt Budde, the WCADF officer who conducted the search, filed for summary judgment on the ground that Plaintiff had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Plaintiff was until November 18, 2019 to respond, but has not done so.

#### A.    Northern District of Illinois Local Rule 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). "The statement . . . shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." N.D. Ill. L.R. 56.1(a). In response, "[t]he opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon.'" *Id.* (citing N.D. Ill. R. 56.1(b)(3)(B)).

Because Plaintiff is a *pro se* litigant, Defendant served Plaintiff with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Northern District of Illinois Local Rule 56.2. (Dkt. 60.) The notices explained the consequences of failing to properly respond

to a motion for summary judgment and statement of material facts under Federal Rule of Civil Procedure 56 and Local Rule 56.1. Despite the notice, Plaintiff did not respond to Defendant's Rule 56.1 statements of material facts or motion for summary judgment.

Plaintiff's failure to respond means that all of Defendant's facts, to the extent they are supported by the record, are deemed admitted. *See* Local R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party); *see also Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012). A plaintiff's *pro se* status does not excuse him from complying with federal and local procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("even *pro se* litigants must follow procedural rules"). Accordingly, the court will accept as true the uncontroverted facts set forth in Defendant's Local Rule 56.1(a)(3) statement, viewing those facts and the inferences therefrom in the light most favorable to Plaintiff. *See* N.D. Ill. L.R. 56.1(b)(3)(C); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010)

Nonetheless, "a nonmovant's failure to respond to a summary judgment motion, or failure to comply with Local Rule 56.1, does not . . . automatically result in judgment for the movant." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (citations and internal quotation marks omitted). "The ultimate burden of persuasion remains with [the movant] to show that [he] is entitled to judgment as a matter of law." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006) (internal citation omitted).

### B. Facts

Plaintiff filed this lawsuit alleging Defendant and another unknown officer made demeaning comments while conducting a strip search of Plaintiff on May 24, 2017. (Dkt. 61, Statement of Material Facts (hereafter "SOF") ¶ 4.) A search of Plaintiff's inmate classification file and WCADF's grievance records revealed no grievances filed by Plaintiff regarding the May 24, 2017 search. (SOF ¶ 29-31.) WCADF's formal grievance procedure is described in the Inmate Handbook, which Plaintiff admitted during his July 2, 2018 deposition he received prior to May 24, 2017. (SOF ¶¶ 7, 10.) The grievance procedures require inmates to submit grievances within forty-eight hours of an incident using an *Inmate Request Form* (Form #22). (Dkt. 61-2, pg. 33.) Prison staff will respond to grievances and appeals within fifteen days of receipt or notify the inmate that more time is required to respond to the complaint. (*Id.*, pg. 34.) WCADF's grievance procedure includes one level of appeal, which is also submitted on Form 22. (*Id*; SOF ¶ 12.) Plaintiff admitted that WCADF staff had explained to him how to use Form 22 and that he knew how to file grievances. (SOF ¶ 11; Dkt. 61-3, pg. 5.) Plaintiff had also used Form 22 to request personal items, file grievances, and appeal one grievance prior to May 24, 2017. (SOF ¶ 13; Dkt. 61-5, pg. 17.)

Plaintiff contended at his deposition that he did submit a grievance regarding the search, but that the grievance officer discarded the grievance to protect his fellow officer and, therefore Plaintiff never received a response to his complaint. (Dkt. 61-3, pg. 9.) Plaintiff admits that he

filed no appeal of any grievances related to the May 24, 2017 incident and did not follow up on the grievance he states he submitted. (SOF ¶ 20; Dkt. 61-3, pg. 9.) Plaintiff explained that he did not follow up on the alleged grievance because he assumed doing so would be futile. (*Id.*) Plaintiff also stated during his deposition that he did not think he was required to appeal grievances at WCADF. (*Id.*, pg. 7.)

## II.    Analysis

Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Perez v. Thorntons, Inc.,* 731 F.3d 699, 703 (7th Cir. 2013). When addressing a motion for summary judgment, this Court construes the facts and makes all reasonable inferences in favor of the non-movant. *Id.* The Court's role is "to determine whether there is a genuine issue for trial," *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (citations and quotations marks omitted), without "weigh[ing] evidence, mak[ing] credibility determinations, resolv[ing] factual disputes and swearing contests, or decid[ing] which inferences to draw from the facts." *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust available administrative remedies by following to completion the procedural rules for grievances within a penal institution. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Ford v. Jimenez*, 362 F.3d 395, 397 (7th Cir. 2004). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford*, 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the prison grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Because "the primary purpose of a grievance is to alert prison officials to a problem," *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (internal citations and quotation marks omitted), the prisoner's grievance must include enough information to alert the prison officials of the wrong for which the prisoner seeks redress, *see Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). The burden of proof is on the defendant to demonstrate the prisoner failed to exhaust his administrative remedies. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

The record here establishes that Plaintiff did not exhaust his administrative remedies. Defendant urges the Court to discredit Plaintiff's claim that he submitted a grievance regarding the demeaning search, which was then discarded, because Plaintiff's version of events is contradicted by the record. (Dkt. 59, pg. 6.) The Court need not resolve whether Plaintiff did or did not submit a grievance regarding the incident. Regardless of whether Plaintiff submitted an initial grievance as he claims, it is undisputed that Plaintiff did not appeal any unsatisfactory response to the purported grievance, or lack thereof. Such was a necessary step under WCADF's grievance procedure. Plaintiff admits he did not take this step and consequently he failed to exhaust his administrative remedies prior to filing this lawsuit.

Plaintiff appears to suggest in his deposition that he did not believe an appeal was necessary under WCADF's grievance rules. Again, regardless of whether Plaintiff subjectively believed an appeal was necessary or not, the undisputed facts demonstrate he did not exhaust his available

administrative remedies. The Seventh Circuit has held that an inmate's subjective unawareness of a grievance procedure does not excuse his non-compliance so long as "the prison has taken reasonable steps to inform the inmates about the required procedures." *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018). Plaintiff admits WCADF provided him with a copy of the Inmate Handbook prior to May 24, 2017, he was aware the grievance procedures were outlined in the Handbook, and staff explained to him how to use Form 22 to file grievances. The prison, therefore, took reasonable steps to make Plaintiff aware of the grievance procedure.

Likewise, Plaintiff's suggestion that he did not pursue his purported grievance further because he assumed doing so would be futile fails. *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"); *Steiskal v. Lewitzke*, 553 F. App'x 611, 616 (7th Cir. 2014) ("prisoners still must exhaust even if they believe the process will be futile"); *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006). Plaintiff cannot decide on his own that WCADF's grievance process was unavailable. He had to give prison officials "a fair opportunity to consider the grievance," which "exists only if 'the grievant complies with the system's critical procedural rules.'" *McCaskill v. Mansour*, No. 13 C 3169, 2015 WL 514935, at *4 (N.D. Ill. Feb. 6, 2015) (citing *Pavey v. Conley*, 663 F.3d 899, 905-06 (7th Cir. 2011)). This, Plaintiff did not do. Plaintiff therefore failed to exhaust his administrative remedies, denied WCADF an opportunity to address his complaints, and his lawsuit is barred by the PLRA.

Accordingly, Defendant's motion for summary judgment is granted, and Plaintiff's claim is dismissed without prejudice. *See Ford v. Jimenez,* 362 F.3d 395, 401 (7th Cir. 2004) ("all dismissals under § 1997e(a) should be without prejudice"); *Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust."). Final judgment will be entered. If Plaintiff wishes to appeal, he must file a notice of appeal with this court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If he appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Ibid.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this court's ruling to preserve his appellate rights. However, if Plaintiff wishes the court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within twenty-eight days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an

appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within twenty-eight days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

E N T E R:

Dated: January 21, 2020

_____
MARY M. ROWLAND
United States District Judge

5